NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA DAY, individually and on behalf
of all others similarly situated,

No. 24-2201

D.C. No.
5:21-cv-02103-BLF

Plaintiff - Appellant,

v.

MEMORANDUM*

GEICO CASUALTY COMPANY; GEICO
INDEMNITY COMPANY; GEICO
GENERAL INSURANCE COMPANY,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted July 7, 2025**
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Jessica Day appeals the district court's order granting GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's ("Defendants") renewed motion for summary judgment on Day's claim that Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code Section 17200. We have jurisdiction under 28 U.S.C. § 1291. We "review a district court's grant of summary judgment de novo, and may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

"When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 541 (Cal. 1999). The California Insurance Code ("Insurance Code") establishes a "prior approval system," whereby insurance companies are required to submit their proposed rates to the Commissioner of California's Department of Insurance ("Commissioner") for approval before formally changing them. Cal. Ins. Code § 1861.01(c); *State Farm Gen. Ins. Co. v. Lara*, 71 Cal. App. 5th 148, 160 (2021). "No act done" or "action taken" pursuant to the authority conferred by Chapter 9 of the Insurance Code, which includes the "prior approval system" for insurance rates, "shall constitute a violation of or grounds for prosecution or civil proceedings under any other law of this State." Cal. Ins. Code § 1860.1. Section 1860.1 thus bars a UCL claim that

challenges an insurance rate previously approved by the Commissioner. *See MacKay v. Superior Court*, 188 Cal. App. 4th 1427, 1442–43 (2010); *Krumme v. Mercury Ins. Co.*, 123 Cal. App. 4th 924, 936 (2004) (stating that the Insurance Code "displace[s] the UCL" for "activities related to rate setting") (cleaned up).

Here, Day's amended complaint challenged the amount of Defendants' premium refunds in light of the "dramatic reduction" in Defendants' exposure to risk, but did not seek to change the overall amount of her coverage. Day sought, *inter alia*, "disgorgement" of Defendants' profit and a return on her premium refund under the UCL in order to, in essence, lower her premium rate during the COVID-19 pandemic. Defendants presented undisputed evidence, however, that the Commissioner previously approved the premium rate applied to Day's policy, and Day failed to show that the approved rate plan required Defendants to retroactively reduce her premium if their exposure to risk decreased. Because the rate that Defendants charged her had been previously approved by the Commissioner, Section 1860.1 of the Insurance Code provides a "safe harbor" against Day's UCL claim. Cal. Ins. Code §§ 1860.1, 1861.01(c); *Cel-Tech Commc'ns, Inc.*, 973 P.2d at 541; *see Walker v. Allstate Indem. Co.*, 77 Cal. App. 4th 750, 752–54, 756 (2000) (holding that Section 1860.1 of the Insurance Code bars suits "seeking damages or disgorgement of allegedly excessive premiums" and seeking "redetermination of the premium rates").

**AFFIRMED.**